NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEO UNIN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:05-cv-00249-RRB<br><br>**DEFENDANT'S TRIAL BRIEF** |

Defendant, United States of America, through counsel, in accordance with the pretrial order and Ak. LR 39.2, presents its trial brief on the contested issues in this case.

### I.   Parties

The Plaintiff in this action is Leo Unin.  He is an Alaskan Native entitled to health care from the Indian Health Service.  At all times relevant to this action, Mr. Unin was incarcerated by the State of Alaska.

The Defendant in this action is the United States of America.  Mr. Unin obtained dental care from Dr. Jennifer Lombrano, DDS, a commissioned officer with the Public Health Service

at the Yukon Kuskokwim Delta Regional Hospital (YKDRH). YKDRH is operated by the Yukon Kuskokwim Health Corporation (YKHC) pursuant to a compact with the Indian Health Service under the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638. YKHC is deemed to be part of the Public Health Service for purposes of coverage under the Federal Tort Claims Act.

## II.  Nature of Action

Plaintiff filed his complaint to initiate this case on October 25, 2005. This is a medical malpractice action against the United States brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et. seq., alleging that Dr. Lombrano provided negligent dental care to the plaintiff. This court has jurisdiction over the case pursuant to 28 U.S.C. § 1346(b)(1). Jurisdiction is not disputed.

In a medical malpractice case under Alaska substantive law, Mr. Unin has the burden of proving by a preponderance of the evidence the following:

> (1)   The degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;
>
> (2)   That the health care providers lacked this degree of knowledge or skill or that the health care providers failed to exercise this degree of care; and
>
> (3)   That as a proximate cause of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

AS 9.55.540(a). There is no presumption of negligence on the part of the defendant.

AS 9.55.540(b). Plaintiff has the burden of proving the applicable standard of care.

Kormin v. Mallin, 858 P.2d 1145, 1148 fn.3 (Alaska 1993).

Plaintiffs are not making any claims for economic damages.  The standards and limits for claims for non-economic damages under Alaska law are set out by statute:

> (a)  In an action to recover damages for personal injury or wrongful death, all damage claims for non-economic losses shall be limited to compensation for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other non-pecuniary damage.
>
> (b) Except as provided under (c) of this section, the damages awarded by a court or a jury under (a) of this section for all claims, including a loss of consortium claim, arising out of a single injury or death may not exceed $400,000 or the injured person's life expectancy in years multiplied by $8,000, whichever is greater.
>
> (c) In an action for personal injury, the damages awarded by a court or jury that are described under (b) of this section may not exceed $1,000,000 or the person's life expectancy in years multiplied by $25,000, whichever is greater, when the damages are awarded for severe permanent physical impairment or severe disfigurement.
>
> (d) Multiple injuries sustained by one person as a result of a single incident shall be treated as a single injury for purposes of this section.

AS 09.17.010.[1]   Alaska has rejected the collateral source rule for medical malpractice actions. AS 09.55.548(b); Reid v Williams, 964 P.2d 453, 455 (Alaska 1998).  Prejudgment interest and attorneys fees are not available to plaintiff under the FTCA.  28 U.S.C. §§ 2674 & 2678; Anderson v. United States, 127 F.3d 1190, 1191 (9th Cir. 1997).

No legal issues have been previously decided by the court.

Plaintiff, Leo Unin, seeks damages for pain and suffering he alleges that he experienced after the extraction of one of his molars.  The pain and suffering he alleges to have suffered is in excess of the normal pain and normal suffering that the average person experiences after a similar procedure.

---

[1] The limits established in AS 09.55.549 are not applicable to this case.

Mr. Unin was a prisoner in the Alaska State Department of Corrections when, on March 31, 2004, he was escorted to the Yukon-Kuskokwim Delta Regional Hospital's (YKDRH) dental facility in Bethel, Alaska.. Dr. Jennifer Lombrano, DDS, an employee of the U.S. Public Health Service, provided the care. Mr. Unin requested that Dr. Lombrano "take [his] teeth out." After reviewing plaintiff's medical history and x-rays, she performed a clinical exam. She found his general oral health status was poor with heavy accumulation of debris and multiple decayed surfaces.

Mr Unin identified the upper left quadrant, tooth #15 specifically, and the lower right quadrant, tooth #32, as the source of his pain. Both teeth showed evidence, clinically and by x-ray, of gross decay. During the exam, plaintiff expressed a positive history of lingering pain without stimulation that worsened when biting. The findings were consistent with "a diagnosis of a necrotic tooth due to caries and subsequent chronic localized periodontitis."

Dr. Lombrano discussed three treatment options with Mr. Unin: no treatment, root canals with poor prognosis because of the extent of decay, or extraction of both teeth. Plaintiff chose to have both teeth extracted. Dr. Lombrano obtained plaintiff's informed consent to pull the teeth. The consent was in writing, but Dr. Lombrano also read it out loud to plaintiff. Disclosed complications of the procedure included, among other things, infection and "involvement of sinus near tooth structures."

During the extraction, tooth #15 fractured into multiple pieces because of the extensive decay. This made access to the remaining tooth structure difficult. Dr. Lombrano incised a flap of plaintiff's gum and peeled it away from the site so she could section and remove the remaining

tooth structure.  After removing the tooth, she examined the extraction site for remaining tooth and sinus exposure.  She found a small perforation of bone at the base of the extraction site with grey sinus membrane still intact.  Dr. Lombrano placed a small amount of Gelfoam[2], in the base of the extraction site.  She did not suture the Gelfoam in place.

 Dr. Lombrano removed tooth #32 without complication.  She then informed Mr. Unin of the exposed sinus.  She told him the perforation would close if he maintained a clean healing environment.  She also told him she would not prescribe antibiotics because normal healing was expected since the source of infection was removed.  Plaintiff was advised to return to the clinic if signs of infection or prolonged pain occurred.

 According to Mr. Unin, the next day, April 1, 2004, he woke up in very bad pain.  On April 2, 2004, Unin was transferred to the Anchorage Jail East (AJE), on his way to the Wildwood Correctional Center north of Kenai, Alaska.  On April 3, 2004, he complained to a nurse at AJE, Sonia Romain, LPN, that he had "a hole in his tooth and needed medical attention ASAP."  He claimed that he was able to breathe in and out of the left side of his jaw since his tooth was pulled.  The nurse noted there was no exudate or redness to the site.  The color of plaintiff's gum was normal.  On April 4, 2004, Mr. Unin again sought care at AJE for discomfort in the extraction site.  Clots were noted to have formed in the extraction site.  Plaintiff was given 600 mg of Advil and advised to not "suck [his] teeth."

---

 [2] Gelfoam is a medical device, intended for application to bleeding surfaces as a hemostatic. It is a water-insoluble, off-white, nonelastic, porous, pliable product prepared from purified pork Skin Gelatin USP granules and Water for injection, USP and is able to absorb and hold within its interstices, many times its weight of blood and other fluids.

By April 6, 2004, Mr. Unin was at Wildwood Correctional Center. Jodi Hatt is the nursing supervisor at Wildwood. Mr. Unin complained of pain in his tooth. After a telephone consultation with a dentist, he was prescribed Motrin, Zithromax (an antibiotic), and a decongestant. Mr. Unin was advised to not blow his nose and was referred to a dentist. The next day he complained that he was not sleeping well. Mr. Unin was advised to increase his Motrin intake to decrease the pain.

About a month later, on May 4, 2004, Mr. Unin complained about swelling and getting food caught in his tooth. On examination, he did not have any swelling or foul odor associated with his gums. His temperature was normal. There was no drainage from the site. Unin complained that his sinus duct was painful in his left upper jaw. It was noted that Unin was constantly pushing on that part of his face and rubbing his tongue over the extraction site. He was told not to do that. Unin said he could feel food go in and out of the extraction site. Nothing was observed. Unin was prescribed Motrin.

### III. The United States' Defense on Liability

Plaintiff claims that the care he received was negligent in that Dr. Lombrano did not suture the Gelfoam into place to close the extraction site and that she did not prescribe antibiotics as a prophylactic measure. Plaintiff will argue that this caused him pain and suffering for over three years.

The Defendant will present the testimony of Dr. Lombrano to explain why she did not suture to wound site and did not prescribe antibiotics.

The Defendant will also present the testimony of its expert, Dr. Philip Worthington, a professor emeritus of dentistry and former department chair of the School of Dentistry at the University of Washington.  His opinion is that Dr. Lombrano met the standard of care in the operation and post-operative care.  He will testify that the standard of care did not require suturing the wound site and that the standard of care does not require prescribing antibiotic under the circumstances noted.  The source of the infection, the tooth, had been removed, so that normal healing should occur.  Furthermore, the post-operative notes do not indicate that the surgery site became infected.

Dr. Worthington will also testify that the dental care that the plaintiff received in 2006 and 2007, which appears to constitute the vast majority of his claim of pain and suffering, was unrelated to the extraction of Mr. Unin's molar in March 31, 2004.

## IV.   The United States' Position on Damages

Mr. Unin's claim is for non-economic damages.  If the United States is found to be liable for part or all of the damages, it should only be liable only for the pain and/or suffering that is above and beyond the normal pain and discomfort associated with the extraction of two teeth, one of which involved exposure of the sinus.  This period should be limited to April, 2004 to early May, 2004 at the latest.  There are no medical records documenting continued complaints of dental complications after May 2004.  Mr. Unin's contentions that his dental care in 2006 and 2007 is related to the March 31, 2004 sinus exposure is without merit.  Dr. Worthington will testify that the dental care documented after 2004 is unrelated to the March 2004 extraction.

Mr Unin's recovery, if any, should also be reduced by the degree of his comparative negligence. He was noted by the nurses within the Department of Corrections to be aggravating the wound site. This aggravated his wound and delayed healing.

Alaska has adopted pure comparative negligence. See Kaatz v. State, 540 P.2d 1037, 1049 (Alaska 1975); *see also* AS 09.17.080 (adopting comparative negligence legislatively). Under "pure" comparative negligence, where there is evidence that conduct of both parties combined or contributed to cause damage, the fact finder may compare respective contributions toward such causation made by each party, and plaintiff's contributory negligence does not operate to bar recovery altogether but reduces damages in proportion to fault.

In a medical malpractice action under Federal Tort Claims Act, a plaintiff who had been given instructions to be on the lookout for certain signs of infection but did nothing for four days but take aspirin, despite severe pain, made no attempt to keep wound clean, and did not return to emergency room immediately when he discovered infection, was found to be 50% comparatively negligence for his own injury. See Shelton v. United States, 804 F.Supp. 1147 (E.D.Mo. 1992); see also "Contributory Negligence or Comparative Negligence Based on Failure of Patient to Follow Instructions as Defense in Action Against Physician or Surgeon for Medical Malpractice", 84 A.L.R.5th 619 (2000).

In the present action, Mr. Unin's actions in aggravating his wound site prolonged his recovery and exacerbated the pain that he experienced. His damages, if any, should be reduced accordingly.

## V. Evidentiary Issues

Defendant's objections to the documents produced after the close of discovery, and the listing of witnesses not included on his Final Witness List, are contained its objections, filed in a separate pleading.

Respectfully submitted this 19th day of November, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, a copy of the foregoing DEFENDANT'S TRIAL BRIEF was served electronically on Michele Power, Esq.

s/ Richard L. Pomeroy