NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEO UNIN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 3:05-cv-00249-RRB<br><br>**OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS AND WITNESSES** |

Defendant, United States of America, in accordance with the pretrial order, objects to the following exhibits and witnesses identified by the Plaintiff in this case.

Discovery in this case closed December 8, 2006.  Docket 15.  Plaintiff's Final Witness List, Docket 11, listed three individuals as witnesses: Leo Unin, Don Smithson, and Saliaffe Thomas. The witness list then included sweeping, all-encompassing categories of "Correctional Officers at the Anchorage Correctional Complex", "Correctional Officers at the Yukon-Kuskokwim Correctional Center", and "All treating physicians".  Id.

This Court's Scheduling and Planning Order stated that "each party shall serve and file a final revised witness list which, unless otherwise specifically stated, must include expert as well as lay witnesses.  Only those witnesses so disclosed will be permitted to testify at trial."  Docket 9 at 2.

Plaintiff's Trial Witness List, at Docket 25, has gone far beyond the scope of its Final Witness List.  Neither Don Smithson nor Saliaffe Thomas are listed as trial witnesses, but nine other people are listed that were not included in Docket 11, Plaintiff's Final Witness List.  According to the terms of this Court's Scheduling and Planning Order, the only witness who should be allowed to testify is the plaintiff, Leo Unin.  If the court follows its own admonition, and only Mr. Unin is allowed to testify, then judgment should be entered in favor of defendant, since plaintiff is without the expert testimony required to maintain a medical malpractice action under Alaska law.  See Kendall v. Division of Corrections, 692 P.2d 953, 955 (Alaska 1984); Parker v. Tomera, 89 P.3d 761, 767 (Alaska 2004).

If this Court does not choose to enforce the terms of its Scheduling and Planning Order, with its admittedly draconian result, then it nonetheless should exclude those witnesses which the defendant did not reasonably have an idea would testify.  Plaintiff's trial witnesses do not include any correctional officers.  They do include three nurses and a dentist who work for the Alaska Department of Corrections, who were identified as possible witnesses by the Defendant in its initial disclosures.  Plaintiff also identifies an expert witness, Dr. Nemetz, whose report was provided to Defendant.

Plaintiff is naming three witnesses who it knew, or should have known of, prior to its Final

Witness List.  Dr. Bergeron saw plaintiff on December, 2005.  It is not clear when Dr. Maier saw

the plaintiff because the records that he is identified as testifying about, Exhibit 13, are treatment

notes of Drs. Wait, Yano, and perhaps others from the Alaska Native Medical Center from

October and December, 2005.  Dr. Hoss is listed as testifying to a January, 2006 eye exam.

These witnesses were known to plaintiff before the close of discovery, yet not named on its

witness list.  A broad generalized category of "All treating physicians" is meant to obscure, not

elucidate, the discoverable evidence of a case.  Such perfunctory generalization, particularly in a

final witness list, prejudices a defendant.  These witnesses should not be allowed to testify.

Even more problematic are the two witnesses that plaintiff lists who provided care to the

plaintiff after discovery closed.  Mr. McMichael is identified as testifying about a mental health

evaluation in April, 2007, and Dr. Deeter is identified as testifying about August, 2007 oral

surgery.  Though perhaps unintentionally, the effect on Defendant is prejudicial in that the

Defendant is caught at a distinct disadvantage, having to try to prepare to cross exam witnesses it

had no way of knowing about when discovery was open and, now with discovery closed, has

limited time and limited means by which to prepare.  Plaintiff is expanding its claim for damages

in as much as Plaintiff has amended its expert's opinion to expand his opinion to claim that the

mucoceles that Dr. Deeter mentions in his letter, Exhibit 17, are related to the March 31, 2004

surgery that is the subject of the present lawsuit.  Defendant does not believe this is the case, but

is without the means to obtain additional records nor to depose the dentist to develop its defense

from this new claim.

These witnesses, and the exhibits associated with them that date after the close of

discovery, should be excluded.  Alternatively, the trial date should be vacated and a brief period

of discovery allowed.  Plaintiff is, understandably, caught in a difficult position in as much as its

damage claim has continued to evolve after discovery closed.  However, the end result is a

surprise that is prejudicial to the Defendant.

Respectfully submitted this 19th day of November, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney


s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031


**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007,
a copy of the foregoing **OBJECTIONS TO
PLAINTIFF'S TRIAL EXHIBITS AND
WITNESSES** was served electronically
on Michele Power, Esq.

s/ Richard L. Pomeroy